**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH ANTONIO WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV18 CEJ |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Joseph Weaver (registration no. 1040717), an inmate at Crossroads Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount Athat is reasonable, based on whatever information the court has about the prisoner=s finances.@). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

At the time plaintiff filed his complaint, he was on the diagnostic side of the Eastern Reception Diagnostic and Correctional Center (ERDCC). He has since been transferred to Crossroads Correctional Center (CCC). Plaintiff sues defendants under 42 U.S.C. § 1983 for several alleged constitutional violations.

Plaintiff alleges that George Lombardi and Lora Montgomery would not give him access to a law library while he was at ERDCC. He says he was attempting to file a writ of habeas corpus during that time. Plaintiff does not allege, however, that he was unable to meet a court deadline or sufficiently state his claims in a habeas petition.

Plaintiff alleges that defendant Steve Larkins and Stan Payne did not allow him to attend congregational religious services. He claims that he was "encouraged to practice [his] religion individual & privately."

Plaintiff asserts that defendant Dr. Ralph Sneed refused to prescribe medicine to treat his attention deficit and hyperactivity disorder, which resulted in plaintiff "expressing troublesome behavior due to [his] short attention span & [his] wanting to stay focused but not being able to manage it on [his] own." And plaintiff claims that defendant Unknown Bellon, who is either a dentist or an oral hygienist, refused to clean his teeth, which led to plaque, gingivitis, and "possible cavity issues." Plaintiff does not state, however, whether he suffered any actual injury as a result of not having his teeth cleaned.

Finally, plaintiff alleges that defendants Browley and Scott violated 18 U.S.C. § 241.

**Discussion**

Plaintiff's First Amendment claim for denial of religious services survives initial review under § 1915(e). Additionally, plaintiff's deliberate indifference claim against Dr. Ralph Sneed survives review. As a result, the Court will order the Clerk of Court to serve process on defendants Steve Larkins, Stan Payne, and Ralph Sneed.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged that he suffered such an injury. Therefore, his access-to-the-courts claim fails to state a claim upon which relief can be granted.

Plaintiff's allegation that Bellon refused to clean his teeth falls short of stating a plausible claim for relief. Plaintiff does not allege that he suffered any injury. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff has not shown that he suffered from an objectively serious medical need or that Bellon was aware of a serious need for medical care.

Finally, plaintiff's claim that defendants Scott and Bowley violated 28 U.S.C. § 241 is frivolous. The statute makes it a crime to conspire to prevent any person from exercising his constitutional rights. The statute does not create a civil private right of action. Further, the initiation of a federal criminal prosecution is a discretionary decision within the executive branch of the government and is not subject to judicial compulsion. See Ray v. United States Dept. of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. ' 547(1).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Steve Larkins, Stan Payne, and Ralph Sneed.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Steve Larkins, Stan Payne, and Ralph Sneed shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants George Lombardi, Lora Montgomery, Unknown Bellon, Unknown Browley, or Jason Scott because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 6th day of February, 2015.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE