UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ANTONIO WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV18 CEJ |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Before the court is the motion of defendants Steve Larkins and Stan Payne to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has responded in opposition, and the issues are fully briefed.

At the time the complaint was filed, plaintiff was incarcerated at the Eastern Reception Diagnostic and Correctional Center (ERDCC). He brings this action under 42 U.S.C. § 1983, alleging that the defendants instituted a policy that denied religious congregational services to prisoners housed in the Reception and Diagnostic (R&D) side of the prison. According to plaintiff, the policy states, "While in R&D, you are encouraged to practice your religion individually & privately. No congregational services are provided." Plaintiff seeks monetary and injunctive relief. Defendant Larkins is the warden at ERDCC, and defendant Payne is the deputy warden. Plaintiff has since been transferred to the St. Louis County Justice Center, where he is currently detained.

### Standard

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the

pleadings in the light most favorable to plaintiff. *Gregory v. Dillard=s*, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. *Id.* at 710. "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiff=s claim is and the grounds upon which it rests." *Id.* (quotations omitted). However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Gregory*, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## Discussion

An inmate's claims for declaratory and injunctive relief are moot when he is transferred to another facility and is no longer subject to alleged unlawful conditions. *See Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009). Because plaintiff is no longer confined at ERDCC and is no longer affected by the policy he complains of, his request for injunctive relief is moot.

Plaintiff did not specify whether he is suing defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep=t of State Police*, 491 U.S. 58, 71 (1989). "[N]either

a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Plaintiff filed his complaint using a court-provided form for prisoner civil rights actions brought under 42 U.S.C. § 1983. He argues that the complaint form creates the assumption that he is suing defendants in both their official and individual capacities, because the form lacks "a specified box to check . . . as to which capacity that one's sueing [sic] in individual, official or both." Plaintiff is incorrect. He was required to specifically plead that he intended to sue defendants in their individual capacities. *See Remington v. Hoopes*, ---Fed.Appx.---, 2015 WL 1881136 at *2, No. 13-3698 (8th Cir., Slip Op. dated April 27, 2015). Because he failed to do so, the assumption is that plaintiff is asserting only official-capacity. For the reasons discussed above, these claims fail.

The Court finds it unnecessary to address defendants' constitutional arguments or the issue of qualified immunity. *Id.* (*citing Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 8th Cir. 1999)).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Steve Larkins and Stan Payne to dismiss [ECF No. 17] is **GRANTED**.

Dated this 1st day of May, 2015.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE