UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH ANTONIO WEAVER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:15-CV-0018 (CEJ) |
| GEORGE A. LOMBARDI, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Ralph Sneed for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not responded, and the time to do so has expired.

### I. Background

Plaintiff Joseph Antonio Weaver brings this action against defendant Ralph Sneed, a licensed psychologist at the Eastern Reception Diagnostic and Correctional Center (ERDCC), pursuant to 42 U.S.C. § 1983. At all times relevant to the lawsuit, plaintiff was incarcerated at ERDCC. Plaintiff alleges that Sneed refused to treat him for attention deficit hyperactivity disorder (ADHD) between August 27, 2014 and December 17, 2014, despite multiple requests for medical services. Plaintiff further alleges that because Sneed refused to prescribe ADHD medication plaintiff began "expressing troublesome behavior due to [his] short attention span [and his] wanting to stay focused but not being able to manage it on [his] own."

### II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). If the moving party meets its burden, the non-moving party may not rest on the allegations of its pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Gannon Intern., Ltd. v. Blocker, 684 F.3d 785, 792 (8th Cir. 2012); Gibson v. Am. Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita Elec. Indus. Co., 475 U.S. at 587).

Pursuant to Local Rule 4.01, a party seeking summary judgment must submit a statement of uncontroverted material facts. E.D.Mo. L.R. 4.01(E). Defendant complied with this requirement. [Doc. #32]. The rule further provides that, "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Id. Plaintiff did not respond to defendant's motion or otherwise controvert defendant's statement of uncontroverted material facts. Accordingly, the Court will

deem all matters defendant set forth in his statement supported by evidence in the record as admitted by plaintiff for purposes of summary judgment.

### III. Discussion

#### A. Deliberate Indifference

Defendant argues that plaintiff had no serious medical need and that defendant provided plaintiff appropriate mental health treatment. "It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104.

Deliberate indifference involves both an objective and a subjective analysis. Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014). The objective component requires a plaintiff to demonstrate an objectively serious medical need. Id. "A medical need is objectively serious if it either has been 'diagnosed by a physician as requiring treatment' or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Scott v. Benson, 742 F.3d 335, 340 (8th Cir. 2014) (quoting Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)). A prisoner's bare assertion or self-diagnosis alone, unsupported by medical evidence in the record, is insufficient to establish a serious medical need. Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994); see also Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990) ("Certainly physicians do not, and should not, necessarily accept as true the medical

judgments offered by their patients. They must make treatment decisions on the basis of a multitude of factors, only one of which is the patient's input.").

"The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009). The prison official or medical provider "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The prisoner must establish that the defendant possessed "a mental state akin to criminal recklessness." Vaughn, 557 F.3d at 908 (quoting Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)). "[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation." Popoalii, 512 F.3d at 499 (quoting Estate of Rosenberg, 56 F.3d at 37). Moreover, medical malpractice, an inadvertent failure to provide adequate medical care, and negligence do not amount to a constitutional violation, Dulany v. Carnahan, 132 F.3d 1234, 1243 (8th Cir. 1997), and prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested treatment. Kayser, 16 F.3d at 281.

The Court has carefully reviewed the plaintiff's medical records which detail the treatment plaintiff received at ERDCC. The records show that Sneed saw plaintiff on multiple occasions in response to plaintiff's self-diagnosis of ADHD and his complaints of inability to focus. Although plaintiff reported that he had been prescribed Ritalin when in high school, he acknowledged that he stopped taking it after two years. In his initial evaluation, Sneed observed plaintiff to be cooperative and oriented with

logical and goal directed speech. Thereafter, plaintiff never presented with any symptoms consistent with an ADHD diagnosis. Plaintiff was not distracted, he interacted appropriately, stayed on task and did not miss appointments. Furthermore, none of the hyperactivity symptoms plaintiff reported were present during any of Sneed's encounters with him. Sneed never observed that plaintiff had any difficulty functioning, and plaintiff never posed a threat of harm to himself or others. It is undisputed that Sneed never denied any medical services to plaintiff. Although Sneed did not diagnose ADHD, he did not discontinue plaintiff's mental health treatment.

Plaintiff's unsupported assertion that he experienced symptoms of ADHD is insufficient to create a factual dispute that he suffered from a serious medical need. See Kayser, 16 F.3d at 281; Givens, 900 F.2d at 1232. As discussed above, the medical records indicate that plaintiff never presented with symptoms, behaviors, or indicators consistent with a diagnosis of ADHD during any of his encounters with Sneed. The records also show that Sneed's assessment was supported by the observations of other medical staff at ERDCC and medical personnel at the prison to which plaintiff was subsequently transferred. Without sufficient evidence to support a diagnosis of ADHD or symptoms or indicators of a serious medical condition so obvious that a layperson would recognize the need for medical attention, plaintiff fails to establish the objective component of a deliberate indifference claim. See Scott, 742 F.3d at 340.

Even if Sneed was negligent in diagnosing or treating plaintiff's mental health condition, plaintiff cannot establish deliberate indifference through medical malpractice. Estelle, 429 U.S. at 106. Plaintiff's allegations amount to no more

logical and goal directed speech. Thereafter, plaintiff never presented with any symptoms consistent with an ADHD diagnosis. Plaintiff was not distracted, he interacted appropriately, stayed on task and did not miss appointments. Furthermore, none of the hyperactivity symptoms plaintiff reported were present during any of Sneed's encounters with him. Sneed never observed that plaintiff had any difficulty functioning, and plaintiff never posed a threat of harm to himself or others. It is undisputed that Sneed never denied any medical services to plaintiff. Although Sneed did not diagnose ADHD, he did not discontinue plaintiff's mental health treatment.

Plaintiff's unsupported assertion that he experienced symptoms of ADHD is insufficient to create a factual dispute that he suffered from a serious medical need. See Kayser, 16 F.3d at 281; Givens, 900 F.2d at 1232. As discussed above, the medical records indicate that plaintiff never presented with symptoms, behaviors, or indicators consistent with a diagnosis of ADHD during any of his encounters with Sneed. The records also show that Sneed's assessment was supported by the observations of other medical staff at ERDCC and medical personnel at the prison to which plaintiff was subsequently transferred. Without sufficient evidence to support a diagnosis of ADHD or symptoms or indicators of a serious medical condition so obvious that a layperson would recognize the need for medical attention, plaintiff fails to establish the objective component of a deliberate indifference claim. See Scott, 742 F.3d at 340.

Even if Sneed was negligent in diagnosing or treating plaintiff's mental health condition, plaintiff cannot establish deliberate indifference through medical malpractice. Estelle, 429 U.S. at 106. Plaintiff's allegations amount to no more

than a disagreement with Sneed's treatment decisions and fail to rise to the level of a constitutional violation. See Popoalii, 512 F.3d at 499 (quoting Estate of Rosenberg, 56 F.3d at 37). Accordingly, defendant Sneed is entitled to judgment as a matter of law on plaintiff's claim of deliberate indifference.

### B. Exhaustion

Defendant also argues that he is entitled to summary judgment, because plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. See 42 U.S.C. § 1997e(a)(prisoner must exhaust available administrative remedies before bringing a § 1983 action). Because the Court concludes that it is appropriate to grant summary judgment to the defendant based on the reasons discussed above, it is unnecessary to determine whether plaintiff satisfied the exhaustion requirement.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant Ralph Sneed for summary judgment [Doc. #30] is **granted**.

A separate Judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2015.